**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0793-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NAKENDRIC LEWIS,

     Defendant-Appellant.

_____

Submitted February 22, 2021 – Decided  March 16, 2021

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 12-02-0157.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Alanna M. Jereb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2014 defendant Nakendric Lewis pled guilty, among other things, to aggravated manslaughter of two victims and aggravated assault of a third victim. Consistent with his plea agreement with the State, he was sentenced to concurrent prison terms of twenty-eight years, subject to an eighty-five-percent parole ineligibility period under the No Early Release Act, N.J.S.A. 2C:43-7.2. He was also ordered to pay restitution for the homicide victims' funeral expenses.

After unsuccessfully appealing his sentence and restitution obligation, defendant filed a petition for postconviction relief ("PCR"). His petition alleged his former counsel was ineffective in various respects, and that he had been allegedly coerced to accept the State's plea offer. Upon considering defendant's contentions, the trial court rejected his PCR application and found an evidentiary hearing unnecessary.

Defendant now appeals, presenting the following arguments in his brief:

> POINT I
>
> DEFENDANT'S PCR WAS NOT BARRED BY R. 3:23-5.
>
> POINT II
>
> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT

AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM HIS ATTORNEY.

Having fully considered these points, we affirm the denial of the PCR petition, essentially for the substantive reasons stated by Judge Ronald B. Sokalski, in his August 28, 2019 oral opinion.

The record shows defendant was charged with two counts of murder, by fatally shooting Asan Jones on June 28, 2011, and then fatally shooting Darren Mason less than a month later on July 20, 2011. Defendant also shot and wounded another victim, Linda Robinson, in the leg on July 10, 2011, but she survived that aggravated assault.

At the time of these violent offenses, defendant was age sixteen. He was waived to the Criminal Part to be adjudicated as an adult. His defense counsel then negotiated a favorable plea agreement with the State, in which he avoided the imposition of any consecutive prison terms.

At sentencing in July 2014, Judge Donna Gallucio noted defendant's lengthy juvenile record of previous offenses, and found aggravating factors three, six, and nine applied under N.J.S.A. 2C:44-1(a). The sentencing judge found one mitigating factor, six (restitution), N.J.S.A. 2C:44-1(b)(6), which she determined was substantially outweighed by the aggravating factors. The

3

restitution imposed was in the sum of $9500, corresponding to the funeral costs of the two deceased victims.

Defendant appealed his sentence as excessive. That appeal was heard on the Sentencing Oral Argument ("SOA") calendar by a panel of this court on May 4, 2015. Defendant's appellate counsel argued the sentence failed to take sufficiently into account his youth, and further argued there should have been an ability-to-pay hearing on the restitution amount. See State v. Lewis, No. A-1972-14 (App. Div. May 4, 2015). We rejected those arguments and issued an order affirming the terms of the sentence in all respects.

In his ensuing PCR petition defendant argued: (1) his plea counsel was ineffective in failing to argue at sentencing the so-called constitutional "youth factors" applicable to juvenile offenders under Miller v. Alabama, 567 U.S. 460 (2012); (2) plea counsel should have requested a restitution hearing; (3) defendant was allegedly coerced into accepting the State's plea offer; and (4) the PCR judge should have held an evidentiary hearing.

As Judge Sokalski rightly found, none of these arguments have merit. We briefly address them here.

First, the United States Supreme Court's holding in Miller, which was amplified by our own State Supreme Court in State v. Zuber, 227 N.J. 422

4

(2017), does not apply here because defendant was not sentenced to a prison term that is the functional equivalent of a life sentence. As the PCR judge noted, defendant will become eligible for parole consideration as early as the age of forty-one. Our case law has consistently held prison terms with longer parole ineligibility periods fall outside of Miller's ambit. See, e.g., State v. Tormasi, ___ N.J. Super. __, __ (App. Div. 2021) (finding the Miller factors inapplicable to a sentence with a thirty-year parole bar imposed on a sixteen-year old murderer); State v. Bass, 457 N.J. Super. 1, 13-14 (App. Div. 2018) (holding an aggregate term of life imprisonment with a thirty-five-year parole bar was not the functional equivalent of a life sentence).

Moreover, even if the sentence duration here qualified to implicate the "youth factors," defense counsel stressed defendant's young age at sentencing and advocated for a shorter prison term than was called for under the plea agreement. Although counsel did not cite the Miller opinion specifically, we agree with the PCR judge that doing so would not have appreciably impacted the sentencing analysis.

Defendant fired a gun multiple times at these three victims on three separate dates, killing two of them and wounding the third. Given the grim facts and his poor juvenile record, he was fortunate to avoid, through the negotiating

A-0793-19

efforts of his counsel, even lengthier consecutive sentences for murder and aggravated assault.

Second, the restitution award was already upheld by this court on direct appeal in the SOA process. We discern no necessity to remand the case at this time for an ability-to-pay hearing. The sums are not exorbitant and correspond to funeral expenses that defendant caused to be incurred by his own homicidal acts. Even recognizing that defendant earns little money in prison, he still could have the capability to pay installments to the victims' families when he eventually finishes his term.

Third, defendant's claim of undue pressure to accept the plea terms is belied by the April 4, 2014 plea transcript, in which he acknowledged under oath that he was pleading guilty voluntarily and had not been forced into his decision.

Lastly, because defendant has not presented a prima facie case of ineffective assistance of counsel under the standards of Strickland v. Washington, 466 U.S. 668 (1984), there was no need for the trial court to conduct an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0793-19